**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**John D. SAPP, Defendant–Appellee.**

**Docket No. 05–1723–CR.**

United States Court of Appeals,
Second Circuit.

July 25, 2005.

Peter Neilman, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief; John J. O'Donnell), for Plaintiff–Appellant, of counsel.

Thomas F.X. Dunn, New York, New York, for Defendant–Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, and Hon. FREDERICK J. SCULLIN, Jr.,

Chief District Judge.[1]

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. The issue on appeal is whether the district court erred in granting defendant-appellee's bail application after he pled guilty to illegal possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861(d). The government contends that because of the inherently dangerous nature of illegal possession of a sawed-off shotgun, such illegal possession is a "crime of violence" mandating denial of bail pending sentencing. *Cf. United States v. Dillard,* 214 F.3d 88 (2d Cir.2000) (finding felon-in-possession conviction to be "crime of violence" for purposes of post-arrest, pretrial detention).

Under 18 U.S.C. § 3143(a)(2), defendants found guilty of certain crimes, including "crime[s] of violence," *see* 18 U.S.C. §§ 3142(f)(1)(A), 3156(a)(4), may be granted bail pending sentencing under limited circumstances. In such cases, before bail may be granted, the district court must find "a substantial likelihood that a motion for acquittal or new trial will be granted" or a government attorney must have recommended "that no sentence of imprisonment be imposed on the" defendant. 18 U.S.C. § 3143(a)(2)(A). The district court must also find "by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B).[2]

Although the government presses us to add illegal possession of a sawed-off shotgun to the category of "crime[s] of violence," we need not reach that issue, as Sapp's counsel conceded at oral argument that illegal possession of a sawed-off shotgun constitutes a crime of violence. We review the district court's bail determination for clear error. *See, e.g., United States v. Mercedes,* 254 F.3d 433, 435 (2d Cir.2001). In light of counsel's admission, we conclude that Judge Batts clearly erred in granting Sapp's bail application.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby REVERSED.

---

1. The Honorable Frederick J. Scullin, Jr., Chief Judge, United States District Court, Northern District of New York, sitting by designation.

2. The government seeks a term of imprison-